**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO ALANIZ GARCIA,<br><br>            Plaintiff,<br><br>    v.<br><br>MORENO VALLEY POLICE DEPARTMENT, et al.,<br><br>            Defendants. | Case No. EDCV 17-1217 SVW (SS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, Plaintiff's Motion for Summary Judgment, Defendants' Motion for Summary Judgment, all the records and files herein, the Report and Recommendation of United States Magistrate Judge, and Defendants' Objections. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. However, the Court addresses Defendants' Objections in the discussion below.

In their Objections, Defendants argue that the Report and Recommendation erred by finding the individual Defendants liable for the Miranda violation because the officers did not proximately cause the violation. Instead, Defendants contend that the prosecutor's decision to use the confession at trial and the trial court's decision to admit the confession were superseding proximate causes. Defendants also argue that they are entitled to qualified immunity because whether an interrogating officer could continue questioning a suspect after an "ambiguous" invocation of the right to remain silent was not settled law in December 2007, when the confession here was obtained.

Defendants' contention that the Ninth Circuit's decisions in Stoot v. City of Everett, 582 F.3d 910 (9th Cir. 2009), and Crowe v. Cnty. of San Diego, 608 F.3d 406 (9th Cir. 2010), are not controlling fails to persuade the Court that the Report and Recommendation should be rejected. In addition to the clear and extensive citations to those cases in the Report and Recommendation, references to Stoot and Crowe in other decisions in this Circuit plainly establish that they are controlling precedent in determining whether an interrogating officer may be deemed the proximate cause of a Miranda violation, even though the officer does not make the ultimate decision to use the improperly obtained confession at trial. See, e.g., Hazle v. Crofoot, 727 F.3d 983, 996 (9th Cir. 2013) ("In Crowe v. Cnty. of San Diego, for example, we found police officers to be the proximate cause of a Miranda violation, even though they did not commit the ultimate act that completed the constitutional violation.") (citing Crowe,

608 F.3d at 430-31); Johnson v. Bay Area Rapid Transit Dist., 2013 WL 6155266, at *6 (N.D. Cal. Nov. 22, 2013) ("In Stoot, the prosecutor's decision to use the statements in the probable cause affidavit did not 'break' the causal chain because, as discussed, it was reasonably foreseeable that a prosecutor would use a suspect's confession in that way, particularly because the defendant officer included several of the incriminating statements in the official police report.") (citing Stoot, 582 F.3d at 926). Defendants' repeated reliance on false arrest and malicious prosecution cases for their superseding causation argument is simply misplaced.

Defendants' qualified immunity claim is equally unfounded. The principal cases Defendants rely on address ambiguous invocations of the right to remain silent. Here, when the interrogating officer asked Plaintiff, "do you wish to talk to me," Plaintiff "responded with a simple 'no.'" Garcia v. Long, 808 F.3d 771, 773 (9th Cir. 2015). As the Ninth Circuit held in affirming this Court's grant of habeas relief based on the same Miranda violation, "[n]o one here contends, and the state court did not find, that [Plaintiff's] 'no' was ambiguous or equivocal on its face," id. at 778, and there was no reasonable basis, in law or in fact, to find Plaintiff's use of the word "no" ambiguous in context. Id. at 779. The Ninth Circuit's determination that all questioning must immediately cease upon an unambiguous invocation of the Fifth Amendment was based in large part on the Supreme Court's clear holding in 1984 -- twenty-three years before the interrogation here -- that "'[w]here nothing about the request . . . or the

circumstances leading up to the request would render it ambiguous, all questioning must cease.'" Id. at 777 (quoting Smith v. Illinois, 469 U.S. 91, 98 (1984) (per curiam)). Applying that law to the facts of this case, the Ninth Circuit concluded that "[u]nder any reasonable interpretation of the fact, [Plaintiff] simply, unambiguously, and unequivocally invoked [the right to remain silent]. Accordingly, clearly established Supreme Court law required the suppression of [Plaintiff's] interrogation tape and apology letter." Garcia, 808 F.3d at 784 (emphasis added). Defendants' strained contentions that Plaintiff's invocation of his Fifth Amendment right was somehow ambiguous ignore the Ninth Circuit's express findings in its published decision.

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is GRANTED IN PART. Plaintiff's claim against individual Defendants Detectives Beatty and Lenton is GRANTED. Plaintiff is awarded nominal damages of one dollar ($1.00), payable by Beatty and Lenton jointly and severally within fourteen days of the date of this Order. Plaintiff's Motion for Summary Judgment is DENIED in all other respects.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is GRANTED IN PART. Plaintiff's claim against the County of Riverside is DENIED, as are Plaintiff's requests for compensatory and punitive damages. Defendants' Motion for Summary Judgment is DENIED in all other respects.

1 | **IT IS HEREBY ORDERED** that Judgment shall be entered against Plaintiff and in favor of the County of Riverside on Count I of the Complaint.

**IT IS FURTHER ORDERED** that Judgment shall be entered against Detectives Beatty and Lenton and in favor of Plaintiff on Counts II and III of the Complaint, and Plaintiff shall be awarded one dollar ($1.00) in nominal damages.

The Clerk of the Court shall serve copies of this Order and the Judgment herein on Plaintiff at his current address of record and on counsel for Defendants.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 31, 2019

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE